**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4662**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PAULA MEDLEY, a/k/a Paula Duncan, a/k/a Paula
Medley Duncan, a/k/a Paula Russell,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.
(8:05-cr-00032-DKC)

---

Submitted: May 18, 2007                    Decided:  July 6, 2007

---

Before WILLIAMS, Chief Judge, and WILKINSON and MOTZ, Circuit
Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.  Rod
J. Rosenstein, United States Attorney, Gina L. Simms, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paula Medley pled guilty, pursuant to a plea agreement, to one count of bank fraud, in violation of 18 U.S.C. § 1344 (2000). The district court determined at sentencing that Medley's offense involved at least $70,000 in actual loss, but not more than $120,000, and pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2B1.1(b)(1)(E) (2005), increased the base offense level of seven, see USSG § 2B1.1(a)(1), by eight levels to fifteen. Because of an intervening arrest between the time of the guilty plea and the sentencing hearing, Medley did not receive an adjustment for acceptance of responsibility. Medley's prior criminal conduct yielded a criminal history category of IV. The total offense level of fifteen and criminal history category of IV resulted in a sentencing range of thirty to thirty-seven months.

The district court sentenced Medley to thirty-seven months in prison, and ordered restitution in the total amount of $142,780.15. On appeal, Medley raises two issues relating to the district court's calculation of loss. For the reasons that follow, we affirm.

The district court's finding at sentencing as to the amount of loss suffered by a victim is a finding of fact reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). The government has the burden to establish the "amount of loss" by a preponderance of the evidence. United States

v. Harris, 882 F.2d, 902, 907 (4th Cir. 1989).  Under USSG § 2B1.1, comment., n.3(A)(I) (2005), "actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense."  "[R]easonably foreseeable pecuniary harm" is defined as pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense."  USSG § 2B1.1, comment., n.3(A)(iv).  "Actual loss" may be reduced by "the amount the victim has recovered at the time of sentencing from disposition of the collateral."  USSG § 2B1.1, comment., n.3(E)(ii).  Finally, a sentencing court "need only make a reasonable estimate of the loss," given the "available information."  USSG § 2B1.1, comment., n.3(C).

Medley first argues that "amount recovered" under USSG § 2B1.1, comment., n.3(E)(ii) could mean the gross sale price of the collateral, or the net sale price taking into account some, but not all, of the settlement charges the victim payed to effect the sale.  Specifically, Medley asserts that property management charges and the real estate commission paid by the mortgage company should not have been considered in calculating the amount of loss.

Medley's argument is without merit.  Medley was loaned $426,000.  In order to mitigate the loss, the mortgage company sold the collateral.  We find the court did not clearly err by finding it was reasonably foreseeable that the mortgage company would incur

property management fees and a real estate commission in order to sell the collateral.

Second, Medley argues the Government failed to prove the fees paid to the realtor and management company were reasonable and necessary. We find that Medley's arguments are conclusory and without merit, as the district court's findings were based on adequate and reliable evidence submitted by the Government.

For the reasons stated herein, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED